UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS NUNEZ
                       Petitioner,

-against-

                                                                   MEMORANDUM & ORDER

WILLIAM PHILLIPS, Superintendent,                             05 CV 2692

                       Respondent.
------------------------------------------------------------X

DEARIE, Chief Judge.

      Petitioner was apprehended during a controlled buy of a kilogram of cocaine. With the help of a confidential informant, who arranged to purchase the drugs from petitioner and gave signals to officers standing at a distance, police officers were able to identify petitioner and follow him in his car until he stopped driving, exited his vehicle, and was soon arrested. Police then searched the vehicle and recovered the kilogram of cocaine. Petitioner was convicted, after a jury trial, of first-degree and third-degree criminal possession of a controlled substance, and sentenced to a term of eighteen years to life. Having pursued his state remedies, petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's application is denied and the petition is dismissed

## DISCUSSION

      Petitioner's first claim, that no rational trier of fact could have convicted him based upon the evidence in the record, was rejected in the state court as procedurally defaulted and, in the alternative, as meritless. People v. Nunez, 7 A.D.3d 543, 544 (2d Dep't 2004). A petitioner who

1

fails, pursuant to state law, to preserve a claim for state appellate review, is procedurally barred from obtaining federal habeas corpus review of that claim if the last state opinion contains a "plain statement" that the state court relied upon the state procedural bar as the basis for rejecting that claim. Coleman v. Thompson, 501 U.S. 722, 739 (1991); Harris v. Reed, 489 U.S. 255, 261-62 (1989). This is so even where the state court has ruled in the alternative on the merits. Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990). See also Harris, 489 U.S. at 264 n.10 (federal court must "honor" state invocation of procedural rule even if state also rules on federal question). Here, the Appellate Division rejected petitioner's sufficiency claim on precisely this procedural ground, so the claim cannot be reviewed by this Court absent a showing of cause for the default and prejudice therefrom, or that a fundamental miscarriage of justice will result. Coleman, 501 U.S. at 750. Petitioner has neither offered cause for the default nor shown that a fundamental miscarriage of justice will result. The claim is not subject to federal habeas review.

In any event, the Appellate Division's rejection of petitioner's sufficiency claim on the merits as well was neither contrary to, nor an unreasonable application of, clearly established federal law. When reviewing a sufficiency claim, the Court must determine whether "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). A petitioner is entitled to habeas relief only if "upon the record adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324. The Court must defer to the jury's assessment of credibility. Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996), and "all possible inferences that may be drawn from the evidence must be construed in the prosecution's favor." Id.

Petitioner claims that the evidence was insufficient to support his conviction because the officer who was following him lost sight of the car under surveillance for approximately a minute and a half, T. 254, 264, 354, could have confused petitioner with other occupants of the car, and had inconsistent recollections concerning the tinting of the vehicle's windows. T. 282-83. But a "federal habeas court . . . must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326.

In any event, the record also shows that, before the brief interruption in surveillance, this officer had already had a clear view of petitioner in profile and the shirt he was wearing, and of his car, including the license plate number, T. 242-43; 346-48. The officer had also witnessed the interaction of petitioner with the confidential informant, T. 244-45, communicated the location of petitioner and his car and the direction in which he was heading to another officer, T. 254, and later positively identified petitioner as the participant in the transaction and driver of the car in which the cocaine was found. T. 258, 447, 452. Finally, the officer specifically described seeing petitioner, while in the car, looking down at something on the right passenger's side of the car, which is wear the drugs were eventually found. T.244-45, 284-85. A rational jury, therefore, could have readily found, beyond a reasonable doubt, that petitioner had actual or constructive possession of the drugs in question.

Petitioner's second claim, challenging the weight of the evidence, is not cognizable on habeas. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

Petitioner's third claim, that his due process rights were violated when, after the prosecution failed to produce the confidential informant and another witness, Edison Reyes, as

3

witnesses at trial, the trial court denied petitioner's request for a missing witness charge. The Appellate Division's rejection of this claim on the merits was not an unreasonable application of clearly established Supreme Court law. As the Supreme Court has made clear, because of the interests in finality of judgments and orderly trial procedure, the burden on a collateral challenge to jury instructions is "even greater than the showing required to establish plain error on direct appeal." Henderson v. Kibbe, 431 U.S. 145, 155 (1977). A petitioner must show that "the ailing [absent] instruction by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). When the claim, like petitioner's, is based on the *failure* to give a requested instruction, the burden is "especially heavy" because, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Henderson, 431 U.S. at 155. The request for a missing witness charge is committed to the sound discretion of the trial court, United States v. Torres, 845 F.2d 1165, 1170-71 (2d Cir. 1988), and "[t]he failure to give such a charge 'will rarely support reversal or habeas relief since reviewing courts recognize the aura of gamesmanship that frequently accompanies requests for a missing witness charge as to which the trial judge will have a surer sense than any reviewing court.'" Manning v. Walker, No. 99-CV-5747 (JG), 2001 WL 25637, at *9 (E.D.N.Y. Jan. 3, 2001) (internal citations omitted).

Petitioner has not come close to meeting his substantial burden. The testimony that the confidential informant might have offered would have been cumulative of the accounts of surveillance and arrest given by the two officers who participated in these events and did testify, and Reyes, an individual that *petitioner* apparently had some interest in calling to offer an alibi, would not have offered testimony favorable to the prosecution. Thus, petitioner was not even

4

entitled to the requested charge under state law. See People v. Kitching, 78 N.Y.2d 532, 536-37 (1991) (defendant requesting missing witness charge must show, inter alia, that uncalled witness can be expected to testify favorably for the prosecution and that his testimony would not be cumulative). For the same reasons there can be no constitutional violation, and in any event, defense counsel did remark in summation upon the fact that the informant did not testify.

Petitioner's third claim, based on the Fourth Amendment, is not cognizable in this habeas corpus proceeding. Stone v. Powell, 428 U.S. 465 (1976). Petitioner had a pre-trial hearing on the issue of probable cause for his arrest and the search of his vehicle, so he cannot show an "unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

## CONCLUSION

For all of the foregoing reasons, the application for relief is denied and the petition dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
July 2, 2008

RAYMOND J. DEARIE
United States District Judge